■ In the Matter of the Estate of ANNE J. PETRUG, Also Known as ANN J. PETRUG, Deceased. LORRAINE CAGE, Respondent; BARBARA SERINO, Appellant. [678 NYS2d 274] —Appeal by the objectant from a decree of the Surrogate's Court, Suffolk County (Prudenti, S.), dated July 23, 1997.

Ordered that the decree is affirmed, with costs payable by the appellant personally, for reasons stated by Surrogate Prudenti at the Surrogate's Court in her memorandum decision dated March 24, 1997. Rosenblatt, J. P., O'Brien, Altman and Friedmann, JJ., concur.

■ In the Matter of the Estate of LEONA POLLARD, Deceased. BETTY MOCK, Appellant; DEBORAH HULBERT, Respondent. [678 NYS2d 126] —In a proceeding pursuant to SCPA 2103 to discover property withheld from the decedent's estate, the petitioner appeals from an order of the Surrogate's Court, Queens County (Nahman, S.), dated August 19, 1997, which, *inter alia,* granted the motion of the respondent Deborah Hulbert for summary judgment to the extent of declaring her to be the sole owner of certain assets she held jointly with the decedent.

Ordered that the order is affirmed, with costs payable by the estate.

Although there is evidence that the respondent and the decedent were negotiating to divide several jointly held assets, no final agreement was executed before the decedent's death. Accordingly, the respondent, as the surviving partner, is entitled to the real property she held with the decedent as a joint tenant with right of survivorship (*see,* General Obligations Law § 5-703). As to the three joint accounts at issue, no funds were ever withdrawn from those accounts, and the respondent, as survivor of the joint accounts, is entitled to the entire funds in those accounts (*see, Matter of Bricker v Krimer,* 13 NY2d 22, 27). Mangano, P. J., Rosenblatt, Ritter and Altman, JJ., concur.