■ In the Matter of DANIEL N. KOHN, Deceased. JOEL M. HOCKETT, as Executor of DANIEL N. KOHN, Deceased, Appellant-Respondent; BARBARA LUTZ, Also Known as BARBARA KOHN, Respondent-Appellant. [40 NYS3d 487]—

In a probate proceeding in which Joel M. Hockett petitioned pursuant to SCPA 2103 to recover certain property on behalf of the decedent's estate, Joel M. Hockett appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), dated June 30, 2015, as, upon renewal, adhered to so much of its original determination in a prior order of the same court dated June 30, 2014, as granted the motion of Barbara Lutz, also known as Barbara Kohn, for summary judgment on her counterclaim for a decree declaring that a prenuptial agreement entitled her to a payment in the amount of $3,500,000 reduced by the amount of four mortgages and only one half of the value of the funds in joint accounts

identified in the prenuptial agreement, and denied that branch of his cross motion which was for summary judgment dismissing that counterclaim and, in effect, declaring that the prenuptial agreement entitled Barbara Lutz, also known as Barbara Kohn, to a payment in the amount of $3,500,000 reduced by the amount of the four mortgages and the full value of the funds in the joint accounts, and Barbara Lutz, also known as Barbara Kohn, cross-appeals, as limited by her brief, from so much of the order dated June 30, 2015, as granted that branch of Joel M. Hockett's motion which was for leave to amend his reply to the counterclaim.

Ordered that the order is reversed insofar as appealed from, on the law, upon renewal, the determination in the order dated June 30, 2014, granting the motion of Barbara Lutz, also known Barbara Kohn, for summary judgment on her counterclaim for a decree declaring that a prenuptial agreement entitled her to a payment in the amount of $3,500,000 reduced by the amount of four mortgages and only one half of the value of the funds in the joint accounts identified in the prenuptial agreement, and denying that branch of the cross motion of Joel M. Hockett which was for summary judgment dismissing that counterclaim and, in effect, declaring that the prenuptial agreement entitled Barbara Lutz, also known as Barbara Kohn, to a payment in the amount of $3,500,000 reduced by the amount of the four mortgages and the full value of the funds in the joint accounts, is vacated, the motion of Barbara Lutz, also known as Barbara Kohn, for summary judgment on her counterclaim is denied, that branch of the cross motion of Joel M. Hockett which was for summary judgment dismissing the counterclaim is granted, and the matter is remitted to the Surrogate's Court, Suffolk County, for the entry of a decree declaring that the prenuptial agreement entitled Barbara Lutz, also known Barbara Kohn, to a payment in the amount of $3,500,000 reduced by the amount of four mortgages and the full value of the funds in the joint accounts identified in the prenuptial agreement; and it is further,

Ordered that the cross appeal is dismissed as academic in light of our determination of the appeal; and it is further,

Ordered that one bill of costs is awarded to Joel M. Hockett.

After the death of Daniel N. Kohn (hereinafter the decedent) in December 2009, Joel M. Hockett (hereinafter the executor), as the executor of the decedent's estate, petitioned pursuant to SCPA 2103 against Barbara Lutz, also known as Barbara Kohn, who is the decedent's surviving spouse (hereinafter the wife), to recover certain property on behalf of the decedent's

estate. In her answer, the wife asserted a counterclaim for a decree declaring that pursuant to a prenuptial agreement dated November 10, 2006, she was entitled to a payment upon the decedent's death in the amount of $3,500,000, reduced by the amount of four mortgages and one half of the value of the funds in joint accounts identified in the prenuptial agreement. Subsequently, the wife moved for summary judgment on her counterclaim, and the executor cross-moved, inter alia, for summary judgment dismissing the counterclaim. The executor contended that the prenuptial agreement provided for a payment to the wife upon the decedent's death in the amount of $3,500,000, reduced by the amounts of the four mortgages and the entire value of the funds in the joint accounts. In support of his interpretation of the prenuptial agreement, the executor submitted with his cross motion, among other things, a transcript of his deposition testimony, a transcript of the wife's deposition testimony, an affirmation of the decedent's former attorney, and letters from the decedent's former attorney to the wife's former attorney.

In an order dated June 30, 2014, the Surrogate's Court, among other things, granted the wife's motion and denied that branch of the executor's cross motion which was for summary judgment dismissing the counterclaim. The court found that the disputed clause in the prenuptial agreement required that the payment to the wife be reduced by the amount of the mortgages and only one half of the value of the joint accounts. Thereafter, the executor moved for leave to renew his opposition to the wife's motion and his cross motion. In support of that motion, the executor submitted extrinsic evidence not previously available, namely, a transcript of the testimony of the wife's former attorney taken at a deposition held subsequent to the original motion practice. In the order appealed and cross-appealed from, dated June 30, 2015, the court, upon renewal, adhered to those portions of its original determination. Moreover, the court, among other things, granted that branch of the executor's motion which was for leave to amend his reply to the counterclaim to assert an affirmative defense based on mutual mistake. The executor appeals and the wife cross-appeals.

" 'Where a prenuptial agreement is clear and unambiguous on its face, the intent of the parties is gleaned from the four corners of the writing as a whole with a practical interpretation of the language employed so that the parties' reasonable expectations are met' " (*Abramson v Gavares*, 109 AD3d 849, 850 [2013], quoting *Katsaros v Katsaros*, 80 AD3d 666, 667

[2011]; *see Ellington v EMI Music, Inc.*, 24 NY3d 239, 244 [2014]). "Extrinsic and parol evidence of the parties' intent may not be admitted to create ambiguity in a contract that is unambiguous on its face, but such evidence may be considered where a contract is determined to be ambiguous" (*NRT N.Y., LLC v Harding*, 131 AD3d 952, 954 [2015]; *see Brad H. v City of New York*, 17 NY3d 180, 186 [2011]; *Van Kipnis v Van Kipnis*, 11 NY3d 573, 577 [2008]).

Here, the decedent agreed in the prenuptial agreement that, upon his death, the wife shall receive liquid assets in the amount of $3,500,000, "reduced by the amounts of four (4) mortgages . . . and any accounts that pass to [the wife] by operation of law." The executor argues that the plain meaning of this provision unambiguously establishes that the payment to the wife must be reduced by the entire value of the funds in the joint accounts. The wife, as the surviving joint owner, was "entitled to the entire funds in those accounts" upon the decedent's death (*Matter of Pollard*, 254 AD2d 292, 292 [1998]; *see Matter of Bricker v Krimer*, 13 NY2d 22, 27 [1963]). In support of her motion, the wife contended that only one half of the value of the funds in the joint accounts must be deducted from the $3,500,000 payment pursuant to the prenuptial agreement, since she received "an immediate one-half interest in the joint property" when the decedent opened the accounts (*Matter of Covert*, 97 NY2d 68, 75 [2001]; *see Matter of Kleinberg v Heller*, 38 NY2d 836, 841 [1976]; *Matter of Granwell*, 20 NY2d 91, 95 [1967]; *Rosenzweig v Friedland*, 84 AD3d 921, 923 [2011]). Thus, she already owned a one-half interest in the joint accounts prior to the decedent's death, and only the decedent's one-half interest in the joint accounts passed to her upon his death (*see Matter of Covert*, 97 NY2d at 75).

Since both parties advanced reasonable interpretations of the disputed provision, the Surrogate's Court, upon renewal, should have considered the new evidence submitted by the executor, which, together with the evidence previously submitted by the executor on his cross motion, established, prima facie, that the parties intended for the $3,500,000 payment to the wife to be reduced by the amounts of the mortgages and the value of the entire funds in the joint accounts (*see generally Kolbe v Tibbetts*, 22 NY3d 344, 355 [2013]; *Evans v Famous Music Corp.*, 1 NY3d 452, 459 [2004]; *Vivir of LI, Inc. v Ehrenkranz*, 127 AD3d 962, 964 [2015]; *1375 Equities Corp. v Buildgreen Solutions, LLC*, 120 AD3d 783, 784 [2014]). In opposition to the executor's prima facie showing, the wife failed to raise a triable issue of fact.

Accordingly, the Surrogate's Court, upon renewal, should have vacated its determination in the prior order, and thereupon denied the wife's motion for summary judgment on her counterclaim, and granted that branch of the executor's cross motion which was for summary judgment dismissing the counterclaim and, in effect, declaring that the prenuptial agreement entitled the wife to a payment in the amount of $3,500,000 reduced by the amounts of the subject mortgages and the full value of the funds in the joint accounts.

In light of our determination, that branch of the executor's motion which was for leave to amend his reply to the counterclaim to assert an affirmative defense based on mutual mistake has been rendered academic.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Surrogate's Court, Suffolk County, for the entry of a decree declaring that the prenuptial agreement entitled the wife to a payment in the amount of $3,500,000 reduced by the value of the four mortgages and the full value of the funds in the joint accounts that were identified in the prenuptial agreement (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Hall, J.P., Austin, Miller and Maltese, JJ., concur.