◼ JAMES A. BRANNIGAN, Respondent, v CHRISTIE OVERHEAD DOOR et al., Defendants, and ROBERT J. BRANNIGAN et al., Defendants/Third-Party Plaintiffs-Respondents. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY et al., Third-Party Defendants-Appellants. [53 NYS3d 106]—

In an action to recover damages for personal injuries, the third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Toussaint, J.), dated May 21, 2014, as denied that branch of their motion which was pursuant to CPLR 3211 (a) to dismiss the third-party complaint and granted the plaintiff's motion for leave to serve and file an amended complaint in the main action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the third-party defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the third-party complaint insofar as asserted against the third-party defendant Amato Coverage Group, Inc., and substituting therefor a provision granting that branch of the third-party defendants' motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In the main action, the plaintiff moved for leave to serve an amended complaint. In essence, the proposed amendment to the complaint related to the issue of where the plaintiff resided at the time of the incident, which is an important issue in the third-party action. The Supreme Court granted the plaintiff's motion. On appeal, the third-party defendants contend that the court erred inasmuch as the proposed amendment was

patently devoid of merit. They also contend that the papers submitted in support of the motion were insufficient because the plaintiff failed to provide a reasonable excuse for his delay in moving for leave to amend the complaint and in failing to submit an affidavit of merit.

The Supreme Court neither erred on the law nor improvidently exercised its discretion in granting the plaintiff's motion. Under CPLR 3025 (b), leave to amend a pleading "shall be freely given" (CPLR 3025 [b]). A party seeking leave to amend a pleading is not required to make a showing of merit in the proposed amendment (*see Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). Courts should grant leave to amend "[i]n the absence of prejudice or surprise resulting directly from the delay in seeking leave . . . unless the proposed amendment is palpably insufficient or patently devoid of merit" (*id.* at 222; *see Katz v Castlepoint Ins. Co.*, 121 AD3d 948, 950 [2014]). Here, the plaintiff's proposed amendment contradicted an allegation in the original complaint, but that inconsistency simply raises an issue of credibility that may be addressed later in the action; it does not, contrary to the third-party defendants' contention, render the proposed amendment patently without merit.

The Supreme Court properly denied that branch of the third-party defendants' motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third-party complaint insofar as asserted against the third-party defendant Nationwide Mutual Fire Insurance Company (hereinafter Nationwide). The third-party defendants contended that Nationwide was not obligated to defend or indemnify the third-party plaintiffs because of an exclusion in the personal liability coverage of the policy relating to injuries to relatives residing in the premises. Contrary to the third-party defendants' contentions, the evidence they submitted in support of the motion either was not documentary evidence within the meaning of CPLR 3211 (a) (1) or did not conclusively establish that a material fact as claimed by the third-party plaintiffs is not a fact at all and that no significant dispute exists regarding it (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Anzora v 81 Saxon Ave. Corp.*, 146 AD3d 848, 849 [2017]; *Sasidharan v Piverger*, 145 AD3d 814, 815-816 [2016]; *Laxer v Edelman*, 75 AD3d 584, 586 [2010]).

The Supreme Court erred, however, in denying dismissal of the third-party complaint insofar as asserted against the third-party defendant Amato Coverage Group, Inc. (hereinafter Amato). " 'To set forth a case for negligence or breach of contract against an insurance broker, a plaintiff must establish

that a specific request was made to the broker for the coverage that was not provided in the policy' " (*Joseph v Interboro Ins. Co.*, 144 AD3d 1105, 1108 [2016], quoting *American Bldg. Supply Corp. v Petrocelli Group, Inc.*, 19 NY3d 730, 735 [2012]). Here, the third-party complaint failed to allege that the third-party plaintiffs requested that Amato procure a specific type of policy, namely, one that would have insured them with regard to an injury suffered by a relative residing at the property.

The third-party defendants' remaining contention is without merit. Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur.