Astro Air Corp. v L.D. Wenger Constr. Co. (2019 NY Slip Op 08816)





Astro Air Corp. v L.D. Wenger Constr. Co.


2019 NY Slip Op 08816


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-03023
 (Index No. 33452/13)

[*1]Astro Air Corporation, respondent,
v L.D. Wenger Construction Co., appellant, et al., defendants.


Joseph J. Cooke, PLLC, Woodbury, NY, for appellant.
Law Office of Steven Cohn, P.C., Carle Place, NY (Susan E. Dantzig and Peter Chatzinoff of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mechanic's lien, the defendant L.D. Wenger Construction Co. appeals from an amended order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated January 11, 2017. The amended order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and granted the plaintiff's cross motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the appeal from so much of the amended order as denied the motion of the defendant L.D. Wenger Construction Co. pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it is dismissed as academic; and it is further,
ORDERED that the amended order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In December 2008, the plaintiff and the defendant L.D. Wenger Construction Co. (hereinafter Wenger) entered into a subcontract to perform certain construction work for a project on premises owned by the defendant Town of Huntington. The plaintiff allegedly performed the work, and Wenger failed to pay the plaintiff the money it was owed pursuant to the subcontract. The plaintiff filed a notice of mechanic's lien, which was subsequently extended, and then commenced this action to foreclose the lien. Prior to answering the complaint, Wenger moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on various grounds. The plaintiff cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint to add two causes of action against Wenger alleging breach of contract and breach of an oral agreement. The Supreme Court granted the plaintiff's cross motion and denied Wenger's motion in light of its determination to grant the plaintiff's cross motion. Wenger appeals.
The Supreme Court providently exercised its discretion in granting the plaintiff's cross motion for leave to amend the complaint. Under CPLR 3025(b), leave to amend a pleading "shall be freely given." A party seeking leave to amend a pleading is not required to make a showing of merit in the proposed amendment (see Brannigan v Christine Overhead Door, 149 AD3d 892; Lucido v Mancuso, 49 AD3d 220, 229). Courts should grant leave to amend "[i]n the absence of [*2]prejudice or surprise resulting directly from the delay in seeking leave . . . unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d at 222; see Brannigan v Christine Overhead Door, 149 AD3d at 892). Here, the plaintiff's proposed amendment was not palpably insufficient or patently devoid of merit, and there was no prejudice or surprise to the defendants.
In light of our determination, that portion of the appeal which is referable to Wenger's motion to dismiss the original complaint insofar as asserted against it has been rendered academic, since the original complaint was superseded by the amended complaint (see Mannino v Wells Fargo Home Mtge., Inc., 155 AD3d 860, 864).
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court