Cuomo v Moss (2021 NY Slip Op 05945)





Cuomo v Moss


2021 NY Slip Op 05945


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-06597
 (Index No. 5719/17)

[*1]Todd Cuomo, respondent,
v
Maxine Moss, appellant.


J. Douglas Barics, Commack, NY, for appellant.
Sparacino & Sparacino, PLLC, Northport, NY (Jessica D. Sparacino of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated April 15, 2019. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated October 9, 2018, made after a nonjury trial, (1) awarded the plaintiff 50% of the defendant's interest in the marital residence, (2) declined to award the defendant a credit for payments made toward a home equity line of credit, (3) awarded the plaintiff a credit in the sum of $34,000 for payments he made toward the mortgage on the marital residence, and (4) awarded the plaintiff 1% of the value of the defendant's retirement accounts.
ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff a credit in the sum of $34,000 for payments he made toward the mortgage on the marital residence; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married on October 5, 1996, and have no children. On February 27, 1997, the defendant and the plaintiff's mother each acquired a one-half interest in certain real property in Suffolk County where the parties lived together (hereinafter the marital residence). The parties both made payments toward the mortgage on the marital residence until 2011, when the defendant left the marital residence to live in Tennessee for a job. After the defendant left the marital residence, the plaintiff solely paid the remaining balance due on the mortgage in the sum of $68,000. Also during the marriage, the defendant obtained a home equity line of credit (hereinafter HELOC), which she solely paid after leaving the marital residence in 2011.
In November 2017, the plaintiff commenced this action for a divorce and ancillary relief. The Supreme Court held a nonjury trial in October 2018, inter alia, on the issue of equitable distribution. On April 15, 2019, the court issued a judgment of divorce, upon a decision after trial, which, inter alia, (1) awarded the plaintiff 50% of the defendant's interest in the marital residence, (2) declined to award the defendant a credit for payments she made toward the HELOC, (3) awarded the plaintiff a credit in the sum of $34,000 for payments he made toward the mortgage on the marital residence, and (4) awarded the plaintiff 1% of the value of the defendant's retirement accounts. The defendant appeals.
Contrary to the Supreme Court's determination, the parties did not stipulate at trial that "they would share equally" the defendant's one-half interest in the marital residence. Nevertheless, we decline to disturb the award to the plaintiff of 50% of the defendant's one-half interest in the marital residence. "Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property" (Ferrante v Ferrante, 186 AD3d 566, 568 [internal quotation marks omitted]). Here, the defendant failed to establish that her one-half interest in the marital residence, which was acquired during the marriage, constituted separate property. Accordingly, the court properly awarded the plaintiff 50% of the defendant's interest in the marital residence.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in awarding the plaintiff 1% of the value of the defendant's retirement accounts. "'[P]ension and retirement benefits belonging to either spouse attributable to employment during the marriage constitute marital property subject to equitable distribution upon divorce'" (Ospina-Cherner v Cherner, 178 AD3d 1059, 1062, quoting McGrath v McGrath, 261 AD2d 369, 370). Here, the court sufficiently took into account that the plaintiff made no contributions to the defendant's retirement accounts, which accumulated funds while the parties were separated but prior to the commencement of this action, by awarding the plaintiff only 1% of the value of the defendant's retirement accounts.
However, the Supreme Court improvidently exercised its discretion in awarding the plaintiff a credit in the sum of $34,000 for payments he made toward the mortgage on the marital residence. Where a party has paid the other party's share of what proves to be marital debt during the pendency of the action, including payments toward the mortgage on the marital residence, reimbursement is required (see Uttamchandani v Uttamchandani, 175 AD3d 1457, 1459). However, "[a]s a general rule, where the payments are made before either party is anticipating the end of the marriage, . . . courts should not look back and try to compensate for the fact that the net effect of the payments may, in some cases, have resulted in the reduction of marital assets" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 421; see Caracciolo v Chodkowski, 90 AD3d 801, 802). Here, the plaintiff's payments toward the mortgage, which was satisfied in October 2017, were made prior to the commencement of this action, and thus, the plaintiff is not entitled to a credit for those payments.
The defendant's remaining contentions are either without merit or not properly before this Court.
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court