Matter of State of New York v Christian R. (2021 NY Slip Op 07547)





Matter of State of New York v Christian R.


2021 NY Slip Op 07547


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-05866
 (Index No. 979/18)

[*1]In the Matter of State of New York, respondent,
v
Christian R. (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Felicia B. Rosen, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Linda Fang of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Christian R., a sex offender allegedly requiring civil management, Christian R. appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated March 13, 2020. The order, upon a finding, made after a nonjury trial, that Christian R. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a sex offender requiring strict and intensive supervision and treatment, in effect, granted the petition and released Christian R. to the New York State Department of Corrections and Community Supervision to supervise his regimen of strict and intensive supervision and treatment.
ORDERED that the order is affirmed, without costs or disbursements.
In 2002, the appellant was arrested and charged with having committed a sex offense. While trial was pending, the appellant violated an order of protection by attempting to contact the victim multiple times in person and on the telephone, and by threatening the victim. The appellant subsequently entered a plea of guilty to attempted rape in the first degree and was sentenced to a term of imprisonment. The appellant was released to parole in 2006, but violated the conditions of his parole by, among other things, engaging in prohibited sexual conduct, resulting in his re-incarceration. The appellant was released to parole again in February of 2008, and, approximately six months later, committed another sex offense. Upon his plea of guilty, the appellant was convicted of attempted rape in the first degree, sexual abuse in the first degree, and acting in a manner injurious to a child. He was sentenced to a term of imprisonment of eight years. The appellant was released to parole on June 5, 2015. The appellant violated the conditions of parole by, among other things, failing to participate in a sex offender treatment program and being discharged therefrom, and by engaging in prohibited sexual conduct. He was re-incarcerated on April 24, 2017.
In January 2018, in anticipation of the appellant's pending release from prison, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA), for the civil management of the appellant (see Mental Hygiene Law § 10.06[a]). The appellant moved to dismiss the petition pursuant to CPLR 3211(a)(7). The State cross-moved, inter alia, for leave to serve and [*2]file an amended petition. The Supreme Court granted the State's cross motion and denied the appellant's motion. A nonjury trial was held, after which the court found that the appellant suffered from a mental abnormality as defined in SOMTA (see Mental Hygiene Law §§ 10.03[i]; 10.07). Following a dispositional hearing, the court determined that the appellant was a sex offender requiring strict and intensive supervision and treatment (hereinafter SIST), in effect, granted the petition, and released the appellant to the New York State Department of Corrections and Community Supervision to supervise his regimen of SIST.
Contrary to the appellant's contention, the Supreme Court did not improvidently exercise its discretion in granting that branch of the State's cross motion which was for leave to serve and file an amended petition. Pursuant to CPLR 3025(b), leave to amend a pleading "shall be freely given." A party seeking leave to amend a pleading is not required to make a showing of merit in the proposed amendment (see Astro Air Corp. v L.D. Wenger Constr. Co., 178 AD3d 765, 766; Brannigan v Christie Overhead Door, 149 AD3d 892, 893; Lucido v Mancuso, 49 AD3d 220, 229). Courts should grant leave to amend "[i]n the absence of prejudice or surprise resulting directly from the delay in seeking leave, . . . unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d at 222; see Brannigan v Christie Overhead Door, 149 AD3d at 892). Here, the State's proposed amended petition was not palpably insufficient or patently devoid of merit, and there was no prejudice or surprise to the appellant. Leave to amend the petition was sought prior to a probable cause hearing, and the proposed amended petition contained sufficient "statements alleging facts of an evidentiary character tending to support the allegation that the [appellant] is a sex offender requiring civil management" (Mental Hygiene Law § 10.06[a]; see Matter of State of New York v Jermaine B., 191 AD3d 888, 889). As the allegations in the amended petition were sufficient, the court also properly denied the appellant's motion to dismiss pursuant to CPLR 3211(a)(7) (see Matter of State of New York v Richard L., 143 AD3d 519; Matter of State of New York v Armstrong, 119 AD3d 1431, 1432).
Considered in the light most favorable to the State (see Matter of State of New York v Floyd Y., 30 NY3d 963, 964; Matter of State of New York v John S., 23 NY3d 326, 348), the evidence at trial was legally sufficient to establish that the appellant suffers from a mental abnormality within the meaning of Mental Hygiene Law § 10.03(i). The State presented clear and convincing evidence that the appellant has "a congenital or acquired condition, disease or disorder that affects [his] emotional, cognitive, or volitional capacity" in a manner that predisposes him to the commission of conduct constituting a sex offense, and that he has serious difficulty in controlling such conduct (Mental Hygiene Law § 10.03[i]; see Matter of State of New York v Floyd Y., 30 NY3d at 965; Matter of State of New York v Anthony B., 180 AD3d 688, 690-691).
The appellant's contention that the Supreme Court's determination was contrary to the weight of the evidence is without merit. In reviewing a factual determination made after a nonjury trial, the power of the Appellate Division "is as broad as that of the trial court and . . . it may render the judgment it finds warranted by the facts, taking into account that in a close case . . . the trial judge had the advantage of seeing [and hearing] the witnesses" (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [citations and internal quotation marks omitted]; see Matter of State of New York v Leon F., 84 AD3d 1098, 1100; Matter of State of New York v Clarence D., 82 AD3d 776, 777). Here, the court's determination that the appellant suffers from a mental abnormality was warranted by the facts (see Matter of State of New York v Kaysheem P., 175 AD3d 692, 693; Matter of State of New York v Claude McC., 163 AD3d 686, 687; Matter of State of New York v Leon F., 84 AD3d at 1100-1101).
The appellant's remaining contention is without merit.
MILLER, J.P., BARROS, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court