Lin v Banko (2023 NY Slip Op 04763)

Lin v Banko

2023 NY Slip Op 04763

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-03026
 (Index No. 70299/18)

[*1]Yvette Lin, respondent, 
v
William Banko, appellant.

Joseph R. Miano, White Plains, NY, for appellant.
Harold, Salant, Strassfield & Spielberg, White Plains, NY (Jerold Rotbard of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Westchester County (Nancy Quinn Koba, J.), dated March 23, 2021. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated December 30, 2020, made after a nonjury trial, awarded the plaintiff maintenance in the sum of $6,216.66 per month, to be adjusted annually according to the CPI for Urban Wage Earners and Clerical Workers, New York-Newark-Jersey City, NY-NJ-PA index, and awarded the plaintiff a distributive award in the sum of $850,000.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties entered into a prenuptial agreement in July 2001, and married in August 2001. The prenuptial agreement established, inter alia, the plaintiff's entitlement to a distributive award in an amount dependent upon the duration of the parties' marriage as measured from the earliest of three alternative termination events, including, as relevant here, the "separation" of the parties or the commencement of an action for divorce. The prenuptial agreement also fixed maintenance in the sum of $50,000 per annum, payable monthly. This sum was to be adjusted according to a specified inflation index published by the U.S. Department of Labor.
The plaintiff commenced this action for a divorce and ancillary relief in December 2018. The Supreme Court conducted a nonjury trial on the issues of maintenance and equitable distribution, among other things. In a decision dated December 30, 2020, the court determined, inter alia, that, for the purposes of the prenuptial agreement, the marriage terminated on the [*2]commencement of this action, and that the 2018 "CPI for Urban Wage Earners and Clerical Workers, New York-Newark-Jersey City, NY-NJ-PA" index (hereinafter the 2018 Index) would be used to calculate the adjustments to the maintenance sum in place of the index specified in the prenup. The court thereafter issued a judgment of divorce dated March 23, 2021, which, upon the decision, among other things, awarded the plaintiff maintenance in the sum of $6,216.66 per month, to be adjusted annually according to the 2018 Index, and awarded the plaintiff a distributive award in the sum of $850,000. The defendant appeals.
"In reviewing a factual determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and . . . it may render the judgment it finds warranted by the facts, taking into account that in a close case . . . the trial judge has the advantage of seeing and hearing the witnesses" (Matter of State of New York v Christian R., 200 AD3d 1046, 1048 [alterations and internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Onkey, LLC v Byron Place Assoc., LLC, 200 AD3d 896, 897). Here, contrary to the defendant's contention, the credible evidence adduced at trial supported the Supreme Court's determination that the parties did not separate in May 2016, and that therefore, the parties' marriage terminated, for purposes of calculating the distributive award, on the day that the plaintiff commenced this action.
The Supreme Court also correctly determined that the parties intended for annual cost of living adjustments to be applied to the defendant's maintenance obligation. "Where a prenuptial agreement is clear and unambiguous on its face, the intent of the parties is gleaned from the four corners of the writing as a whole with a practical interpretation of the language employed so that the parties' reasonable expectations are met" (Matter of Kohn, 144 AD3d 684, 686 [internal quotation marks omitted]; see Abramson v Gavares, 109 AD3d 849, 850). Accordingly, "[t]he words and phrases used in an agreement must be given their plain meaning" (Fleming v Fleming, 137 AD3d 1206, 1207 [internal quotation marks omitted]). Here, the parties expressly agreed that the "fairness and adequacy" of the maintenance sum depended on yearly adjustments to the amount of maintenance in line with increases to the cost of living. The court, therefore, properly rejected the defendant's proffered interpretation of the prenuptial agreement as inconsistent with the parties' intent, and properly took judicial notice of a functionally identical index published by the same government source to replace the defunct index specified in the prenuptial agreement to give effect to the parties' stated intent (see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13, 20). Contrary to the defendant's contentions, the discontinuance of the index specified in the prenuptial agreement did not render the subject clause unenforceable.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court