Noel v Noel
2026 NY Slip Op 03448
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Andrew Noel, appellant,
v
Pauline Nieuenkirk Noel, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2022-01002, (Index No. 53319/14)
Angela G. Iannacci, J.P.
Lara J. Genovesi
Carl J. Landicino
Laurence L. Love, JJ.

Tsiring & Feldman, P.C., Brooklyn, NY (Galina Feldman and Darina Prokopets of counsel), for appellant.

[*1]
DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Diana J. Szochet, Ct. Atty. Ref.), dated January 4, 2022. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated October 5, 2021, made after a nonjury trial, deemed 50% of the marital residence marital property subject to equitable distribution, awarded each party a 25% equitable interest in the marital residence, and awarded the plaintiff 10% of the value of each of the defendant's retirement accounts.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, without costs and disbursements.
The parties were married 1989 and have two emancipated children. In July 2014, the plaintiff commenced this action for a divorce and ancillary relief. A nonjury trial was held, inter alia, on the issue of equitable distribution. Thereafter, a judgment of divorce was entered, upon a decision dated October 5, 2021, among other things, deeming 50% of the marital residence marital property subject to equitable distribution, awarding each party a 25% equitable interest in the marital residence, and awarding the plaintiff 10% of the value of each of the defendant's retirement accounts. The plaintiff appeals.
"A trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Novick v Novick, 214 AD3d 995, 997 [internal quotation marks omitted]; see Achuthan v Achuthan, 179 AD3d 751, 756; Aloi v Simoni, 82 AD3d 683, 685). "In reviewing a factual determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and . . . it may render the judgment it finds warranted by the facts, taking into account that in a close case . . . the trial judge has the advantage of seeing and hearing the witnesses" (Lin v Banko, 219 AD3d 1510, 1512 [alteration and internal quotation marks omitted]; see Matter of State of New York v Christian R., 200 AD3d 1046, 1048). "Where, as here, 'a determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses and the proffered items of evidence is afforded great weight on appeal'" (Silvers v Silvers, 197 AD3d 1195, 1197, quoting Kaufman v Kaufman, 189 AD3d 31, 56).
"When both spouses equally contribute to a marriage of long duration, the division [*2]of marital property should be as equal as possible; however, equitable distribution does not necessarily mean equal distribution" (Repetti v Repetti, 147 AD3d 1094, 1098, quoting Davis v O'Brien, 79 AD3d 695, 696). "Equitable distribution is based on the premise that a marriage is, among other things, an economic partnership to which both parties contribute as spouse, parent, wage earner or homemaker" (Albano v Albano, 230 AD3d 723, 725 [internal quotation marks omitted]; see O'Brien v O'Brien, 66 NY2d 576, 585; Repetti v Repetti, 147 AD3d at 1098). "The distribution of marital assets depends not only on the financial contribution of the parties but also on a wide range of nonremunerated services to the joint enterprise, such as homemaking, raising children and providing the emotional and moral support necessary to sustain the other spouse in coping with the vicissitudes of life outside the home" (Lieberman-Massoni v Massoni, 215 AD3d 656 [internal quotation marks omitted]; see Novick v Novick, 214 AD3d at 997; Repetti v Repetti, 147 AD3d at 1098). "[T]he trial court has substantial flexibility in fashioning an appropriate decree based on what it views to be fair and equitable under the circumstances" (Gigliotti v Gigliotti, 221 AD3d 864, 865, quoting Mahoney-Buntzman v Buntzman, 12 NY3d 415, 420 [internal quotation marks omitted]).
"There is a statutory presumption that all property acquired by either spouse during the marriage, unless clearly separate, is marital property, and the party seeking to overcome the presumption has the burden of proving that the property in dispute is separate property" (Nadasi v Nadel-Nadasi, 153 AD3d 1346, 1349; see Domestic Relations Law § 236[B][1][c], [d]). Here, the defendant overcame this presumption. Affording due deference to the Supreme Court's credibility findings (see Lin v Banko, 219 AD3d at 1512; Silvers v Silvers, 197 AD3d at 1195), the court had a sufficient basis to determine that 50% of the marital residence was marital property subject to equitable distribution. Further, we agree with the court's determination to award the defendant a 25% equitable interest in the marital residence.
"Pension and retirement benefits belonging to either spouse attributable to employment during the marriage constitute marital property subject to equitable distribution upon divorce" (Cuomo v Moss, 199 AD3d 635, 636 [alteration and internal quotation marks omitted]; see Ospina-Cherner v Cherner, 178 AD3d 1059, 1062; McGrath v McGrath, 261 AD2d 369, 370). "Notwithstanding the long duration of the parties' marriage, there is no requirement that the distribution of each item of property be made on an equal basis" (Marino v Marino, 183 AD3d 813, 819; see DeSouza-Brown v Brown, 71 AD3d 946, 946-947). Here, under the totality of the circumstances, awarding the plaintiff 10% of the value of each of the defendant's retirement accounts was a provident exercise of discretion (see Cuomo v Moss, 199 AD3d at 635).
IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court