Davenport v Davenport (2021 NY Slip Op 05946)





Davenport v Davenport


2021 NY Slip Op 05946


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2019-05402 ON MOTION
 (Index No. 200983/16)

[*1]Thomas A. Davenport, respondent,
v
Ann Davenport, appellant. DECISION & ORDER Motion by the appellant for leave to reargue an appeal from a judgment of divorce of the Supreme Court, Nassau County, entered March 6, 2019, which was determined by decision and order of this Court dated March 24, 2021. Motion by the respondent for leave to reargue the appeal or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court. Upon the papers filed in support of the motions and the papers filed in opposition thereto, it is ORDERED that the respondent's motion is denied; and it is further, ORDERED that the appellant's motion is granted, and upon reargument, the decision and order of this Court dated March 24, 2021 (Davenport v Davenport, 192 AD3d 987), is recalled and vacated, and the following decision and order is substituted therefor:

Petroske Riezenman & Meyers, P.C., Hauppauge, NY (Clifford J. Petroske and Debra Welsh of counsel), for appellant.
Whiteman Osterman & Hanna, LLP, Albany, NY (Bruce J. Wagner of counsel), for respondent.
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Steven M. Jaeger, J.), entered March 6, 2019. The judgment of divorce, inter alia, upon a decision of the same court dated December 3, 2018, made after a nonjury trial, (1) valued the marital portion of the plaintiff's interest in his surgical practice at only $500,000 and awarded the defendant only 10% of this value, (2) awarded the defendant only 10% of the stipulated value of certain business entities, (3) awarded the defendant only 10% of the stipulated value of certain investment accounts, (4) awarded the defendant only 25% of the stipulated value of certain bank accounts, (5) awarded the defendant only 25% of the stipulated value of the marital residence after deducting the plaintiff's separate property credit, (6) declined to award the defendant any interest in a receivable owed to the parties by the plaintiff's brother, and (7) deducted the entire value of a receivable retained by the defendant from her equitable distribution award.
ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof valuing the marital portion of the plaintiff's interest in his surgical practice at $500,000, and substituting therefor a provision valuing that interest at $1,344,686.50, (2) by deleting the provision thereof awarding the defendant a 10% interest in the stipulated value of Portman, LLC, Big Bang Beverage, LLC, and TK Styles Properties, [*2]LLC, and substituting therefor a provision awarding the defendant a 25% interest in the stipulated value of those entities, (3) by deleting the provision thereof awarding the defendant a 10% interest in the stipulated value of certain investment accounts with Pershing Advisors Solutions, LLC, and RM Stark Investment, and substituting therefor a provision awarding the defendant a 25% interest in the stipulated values of those accounts, (4) by deleting the provision thereof awarding the defendant 25% of the stipulated value of the marital residence, and substituting therefor a provision awarding the defendant 40% of the stipulated value of that residence, and (5) by deleting the provision thereof deducting $587,680.71 from the defendant's equitable distribution award, and substituting therefor a provision deducting $424,305.47 from the defendant's equitable distribution award; as so modified, the judgment of divorce is affirmed insofar as appealed from, with costs to the defendant.
The parties were married on July 3, 2010, and have no children. The plaintiff is a surgeon with a minority interest in Long Island Plastic Surgical Group (hereinafter LIPSG). The defendant is a pediatric nurse practitioner who worked intermittently throughout the marriage. In April 2016, the plaintiff commenced this action for a divorce and ancillary relief. The matter went to trial on the issue of equitable distribution. Prior to trial, the parties stipulated to the values of certain marital assets, including business entities, investment accounts, bank accounts, and the marital residence.
In a decision dated December 3, 2018, the Supreme Court, among other things, determined that the marital portion of the plaintiff's interest in LIPSG was $500,000 and awarded the defendant 10% of this amount, awarded the defendant 10% of the stipulated value of business entities known as Portman, LLC, Big Bang Beverage, LLC, and TK Styles Properties, LLC, awarded the defendant 10% of the stipulated value of certain investment accounts with Pershing Advisors Solutions, LLC, and RM Stark Investment, awarded the defendant 25% of the stipulated value of certain bank accounts, and awarded the defendant 25% of the stipulated value of the marital residence after deducting the plaintiff's separate property credit. The court also declined to award the defendant any portion of a receivable owed to the parties by the plaintiff's brother, based upon an oral stipulation at trial, as well as deducted $587,680.71 from the defendant's total award for a receivable owed by the defendant's brother, based upon a written stipulation by the parties.
A judgment of divorce was issued based upon the Supreme Court's decision. The defendant appeals.
The appreciation of the value of a business during a marriage, even if the business would otherwise be the separate property of one spouse, is considered marital property if the appreciation is due in part to the indirect contributions or efforts of the other spouse (see Golden v Golden, 98 AD3d 647, 649). "The valuation of a marital asset must be founded in economic reality" (Sheehan v Sheehan, 161 AD3d 912, 914). However, "[t]here is no uniform rule for fixing the value of a business for the purpose of equitable distribution. Valuation is an exercise properly within the fact-finding power of the trial court, guided by expert testimony. The determination of the factfinder as to the value of a business, if within the range of the testimony presented, will be accorded deference on appeal if it rests primarily on the credibility of expert witnesses and their valuation techniques" (Wasserman v Wasserman, 66 AD3d 880, 882 [citations omitted]; see Burns v Burns, 84 NY2d 369, 375; Greisman v Greisman, 98 AD3d 1079, 1081). "Whatever valuation method is used 'must take into consideration inhibitions on the transfer of the corporate interest resulting from a limited market or contractual provisions'" (Nadasi v Nadel-Nadasi, 153 AD3d 1346, 1349, quoting Amodio v Amodio, 70 NY2d 5, 7). Trial courts are vested with broad discretion in determining equitable distribution of marital property, and the determination should not be disturbed on appeal unless the court has improvidently exercised that discretion (see Oppenheim v Oppenheim, 168 AD3d 1085, 1087).
Here, the Supreme Court providently determined that the methodology and valuations of the defendant's forensic expert, Karl Jahnsen, were more objective than that of the court-appointed neutral forensic expert. The court also providently determined, based upon the expert testimony, that a discount should be applied to the average appreciation value of the plaintiff's interest in LIPSG, due to his lack of control as a minority owner to transfer his interest, which results in a lack of marketability. However, in valuing the marital appreciation of the plaintiff's interest in LIPSG at only $500,000, the court improvidently applied a discount to Jahnsen's average [*3]appreciation value which far exceeded the 15-20% discount that both experts agreed was appropriate for this lack of marketability.
Accordingly, we determine that a 20% discount should be applied, and value the marital appreciation of the plaintiff's interest in LIPSG at $1,344,686.50 (see Amodio v Amodio, 70 NY2d at 7; Nadasi v Nadel-Nadasi, 153 AD3d at 1349). In arriving at such value, we first subtracted Jahnsen's calculation of the value of the plaintiff's interest in LIPSG at the date of marriage pursuant to the relative unit method ($5,108,561), from Jahnsen's calculation of the value of the plaintiff's interest in LIPSG at the date of commencement of the action pursuant to the relative unit method ($6,552,653), and then discounted that amount by 20%, which equaled $1,155,274. We then subtracted Jahnsen's calculation of the value of the plaintiff's interest in LIPSG at the date of marriage pursuant to the reasonable compensation method ($6,733,054), from Jahnsen's calculation of the value of the plaintiff's interest in LIPSG at the date of commencement of the action pursuant to the reasonable compensation method ($8,650,678), and then discounted that amount by 20%, which equaled $1,534,099. We then added the values of both methods, and divided that sum by 2.
Contrary to the defendant's contention, it was not an improvident exercise of the Supreme Court's discretion to award the defendant only 10% of the marital appreciation in the plaintiff's interest in LIPSG, in light of the brief duration of the marriage and the defendant's minimal contribution to the practice (see Giokas v Giokas, 73 AD3d 688; Peritore v Peritore, 66 AD3d 750; Harris v Harris, 242 AD2d 558).
The Supreme Court also providently exercised its discretion in awarding the defendant only 25% of the stipulated value of the plaintiff's bank accounts, considering the parties' relative financial contributions and the short duration of the marriage (see Cappiello v Cappiello, 110 AD2d 608, 609).
The evidence presented at trial did not indicate that the plaintiff's involvement in certain business entities known as Portman, LLC, Big Bank Beverage, LLC, or TK Style Properties, LLC, involved anything more than investing marital monies into the companies. Further, although certain investment accounts with Pershing Advisors Solutions, LLC, and RM Stark Investment were actively managed, the plaintiff admitted that he only spoke to the manager every couple months. As such, it was improper to distribute these marital assets in the same manner as the plaintiff's interest in LIPSG, instead of the same manner as the plaintiff's bank accounts (see Hofmann v Hofmann, 173 AD3d 531). Accordingly, the defendant is awarded 25% of the stipulated value of each of those entities and accounts.
The defendant is also awarded 40% of the stipulated value of the marital residence, taking into consideration her significant direct contributions to the construction, design, and decoration of the home, and that the plaintiff is to receive a significant separate property credit for any premarital money that he invested in the home (see Palermo v Palermo, 34 AD3d 548, 550-551).
"[S]tipulations of settlement, especially those whose terms are placed upon the record in open court, are judicially favored. Absent a showing of fraud, overreaching, mistake, or duress, the stipulation should not be disturbed by the court" (Hymowitz v Hymowitz, 119 AD3d 736, 740; see Stevenson v Blanco, 127 AD3d 979; Matter of Woods v Velez-Shanahan, 308 AD2d 593, 594; Wieners v Wieners, 239 AD2d 493, 494). Contrary to the defendant's contention, based upon the stipulation placed on the record by the parties during the trial, the Supreme Court properly declined to equitably distribute the note owed by the plaintiff's brother, Robert Davenport.
However, based upon a written stipulation of the parties dated June 13, 2017, the Supreme Court erred in deducting the entirety of the receivable owed by the defendant's brother from the defendant's equitable distribution award. As the defendant has been awarded 27.8% of the marital assets, determined by adding together the defendant's total award and dividing it by the total value of the marital assets, 27.8% of the receivable, or $163,375.24, should be omitted from the defendant's total deduction. As such, the defendant's equitable distribution award should only be reduced by $424,305.47, not $587,680.71.
LASALLE, P.J., DILLON, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court