Moradi v Buhl (2022 NY Slip Op 00421)





Moradi v Buhl


2022 NY Slip Op 00421


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2019-08320
 (Index No. 200566/14)

[*1]Mark Moradi, appellant,
v
Ann L. Buhl, respondent.


Friedman & Friedman, PLLC, Garden City, NY (Sari M. Friedman of counsel), for appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Nassau County (Joseph H. Lorintz, J.), entered June 5, 2019. The judgment of divorce, insofar as appealed from, after a nonjury trial, directed the plaintiff to pay child support in the sum of $2,599.58 per month.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2003, and are the parents of a daughter born in 2004. The plaintiff commenced this action for a divorce and ancillary relief in February 2014. After a nonjury trial on the outstanding issues of custody and child support, the Supreme Court awarded the defendant residential custody of the child and directed the plaintiff to pay $2,599.58 per month in child support. The plaintiff appeals from so much of the judgment of divorce as awarded child support, on the ground that the court calculated child support based on the parties' income over the statutory cap.
The Child Support Standards Act (Domestic Relations Law § 240[1-b]) "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" known as the statutory cap, which in this case was $148,000 (Matter of Freeman v Freeman, 71 AD3d 1143, 1144; see Domestic Relations Law § 240[1-b][c]; Holterman v Holterman, 3 NY3d 1, 11; Matter of Cassano v Cassano, 85 NY2d 649, 653; Candea v Candea, 173 AD3d 663, 664). Where the combined parental income exceeds the statutory cap, the court, in fixing the basic child support obligation on income over the statutory cap, has the discretion to apply the factors set forth in Domestic Relations Law § 240(1-b)(f), or to apply the statutory percentages, or to apply both (see Domestic Relations Law § 240[1-b][c][3]; Matter of Cassano v Cassano, 85 NY2d at 655; Candea v Candea, 173 AD3d at 664). The court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the statutory cap (see Matter of Cassano v Cassano, 85 NY2d at 655; Candea v Candea, 173 AD3d at 665; Matter of Peddycoart v MacKay, 145 AD3d 1081, 1084; McCoy v McCoy, 107 AD3d 857, 858). Such articulation should reflect a careful consideration of the stated basis for the court's exercise of discretion, the parties' circumstances, and the court's reasoning why there should or should not be a departure from the prescribed percentage (see Matter of Cassano v Cassano, 85 NY2d at 655; Candea v Candea, 173 [*2]AD3d at 665; Matter of Peddycoart v MacKay, 145 AD3d at 1084; McCoy v McCoy, 107 AD3d at 858).
Here, the Supreme Court stated that it applied the child support percentage to the amount above the statutory cap primarily due to the parties' considerable income, the needs of the child, and the fact that the defendant was not seeking any add-on contributions from the plaintiff for the child's expenses, other than basic child support. Under the circumstances presented, the court providently exercised its discretion in applying the child support percentage to the parties' income over the statutory cap (see Candea v Candea, 173 AD3d at 665; Matter of Santman v Schonfeldt, 159 AD3d 914, 915; Matter of Keith v Lawrence, 113 AD3d 615, 616).
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court