Matter of Davis v Shihadeh (2022 NY Slip Op 05688)

Matter of Davis v Shihadeh

2022 NY Slip Op 05688

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-00620 
2022-00815
 (Docket No. U-5772-21)

[*1]In the Matter of Michele Lee Davis, respondent,
v
John Sami Shihadeh, appellant.

J. Douglas Barics, Commack, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5-B, the father appeals from (1) a decision of the Family Court, Suffolk County (Paul M. Hensley, J.), dated December 28, 2021, and (2) an order of the same court, also dated December 28, 2021. The order, upon the decision, denied the father's objections to an order of the same court (Aletha V. Fields, S.M.) dated October 6, 2021, which, after a hearing, and upon findings of fact, also dated October 6, 2021, granted the mother's petition for an upward modification of the father's child support obligation.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order dated December 28, 2021, is affirmed, without costs or disbursements.
The mother and the father, who were never married to each other, have one child together. Pursuant to an order of support dated March 20, 2015, entered on consent, the father's child support obligation was set at $50 per month. In May 2021, the mother commenced this proceeding for an upward modification of the father's child support obligation. In an order dated October 6, 2021, made after a hearing, the Support Magistrate granted the mother's petition and increased the father's child support obligation to the sum of $112.01 per week. Thereafter, the father filed objections to the Support Magistrate's order. In an order dated December 28, 2021, the Family Court denied the father's objections. The father appeals.
"'A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed'" (Saks v Saks, 199 AD3d 950, 952, quoting Castello v Castello, 144 AD3d 723, 725). The hearing court is "[a]fforded considerable discretion in determining whether to impute income to a [party], and the court's credibility determinations will be accorded deference on appeal" (Saks v Saks, 199 AD3d at 952 [citations and internal quotation marks omitted]).
Here, the father testified that he was unable to work in any job for more than approximately two weeks due to a long-term disability resulting from having been hit in the head with a golf club when he was 10 years old. The father acknowledged that he had previously worked [*2]briefly for a limousine company and for a contracting company. Testimony was elicited that the father was receiving disability benefits, which were terminated approximately "a couple of years" prior to the hearing. The father claimed that his disability benefits ceased because he failed to respond to mail regarding those benefits. However, a witness for the mother, Renee Bindler, testified that the father told her the benefits were terminated because "they didn't find him to be in any form of disability."
Contrary to the father's contention, the Family Court properly denied his objections to the Support Magistrate's order, which was based on the Support Magistrate's findings that the father did not suffer from a disability which prevented him from working. The Support Magistrate's findings regarding the father's ability to work were based on credibility determinations which are supported by the record and should not be disturbed (see Matter of Roberts v Roberts, 176 AD3d 1226, 1227-1228; Matter of Muller v Muller, 156 AD3d 644, 645; Matter of Aranova v Aranov, 77 AD3d 740). Moreover, the father failed to submit any medical evidence showing that his disability, with which he had lived since he was 10 years old, prevented him from working (see Matter of Addimando v Huerta, 147 AD3d 750, 752).
The father's remaining contentions are without merit.
Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order.
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court