Novick v Novick (2023 NY Slip Op 01684)

Novick v Novick

2023 NY Slip Op 01684

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2019-13382
 (Index No. 200169/17)

[*1]Steven Novick, appellant-respondent,
v
Adrienne Novick, respondent-appellant.

Law Offices of Steven D. Kommor, P.C., Melville, NY, for appellant-respondent.
Jody Pugach, P.C. (The Guttman Law Group, LLP, Melville, NY [Robin N. Guttman], of counsel), for respondent-appellant.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals, and the defendant cross-appeals, from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated November 15, 2019. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated August 7, 2019, made after a nonjury trial, inter alia, (1) awarded the defendant maintenance in the sum of $12,000 per month for a period of nine years, based on income imputed to the defendant in the amount of only $40,000 per year and income imputed to the plaintiff of $375,000 per year, (2) awarded the defendant 33% of the fair market value of the plaintiff's dental practice, (3) awarded the defendant pendente lite arrears in the sum of $29,245.76, (4) awarded the defendant counsel fees in the sum of $55,000, (5) failed to equitably distribute the funds in the defendant's T.D. Ameritrade account, and (6) failed to equitably distribute certain marital personal property. The judgment of divorce, insofar as cross-appealed from, inter alia, (1) awarded the defendant counsel fees in the sum of only $55,000, (2) awarded the defendant pendente lite arrears in the sum of only $29,245.76, (3) failed to award the defendant a separate property credit for a $100,000 mortgage payment made toward the mortgage on the marital residence, (4) failed to award the defendant a separate property credit with regard to the down payment on the marital residence, (5) failed to award the defendant a separate property credit with regard to the down payment on the plaintiff's dental practice, and (6) awarded the plaintiff one half of the defendant's Morgan Stanley IRA account.
ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, (1) by adding a provision thereto providing that the proceeds of the T.D. Ameritrade account be equally divided between the parties, and (2) by deleting the provision thereof awarding the defendant $29,245.67 in pendente lite arrears; as so modified, the judgment of divorce is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the amount of pendente lite arrears owed by the plaintiff and the entry of an appropriate amended judgment of divorce thereafter.
The parties were married in 1992, and have three children, who are now emancipated. [*2]The plaintiff commenced this action for a divorce and ancillary relief in January 2017. The plaintiff, who was 57 years old at the time of trial, is self-employed in a dental practice and was the primary wage earner during the parties' 24-year marriage. The defendant was a homemaker and the primary caretaker of the parties' children, and was not employed outside the home during the majority of the duration of the parties' marriage. After a nonjury trial with respect to, inter alia, maintenance and the equitable distribution of certain assets, a judgment of divorce dated November 15, 2019, was entered. The plaintiff appeals, and the defendant cross-appeals, from stated portions of the judgment of divorce.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in imputing income to him in the amount of $375,000 per year. In determining a party's maintenance obligation, "'[a] court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed'" (Castello v Castello, 144 AD3d 723, 725, quoting Scammacca v Scammacca, 15 AD3d 382, 382). Here, the record, including evidence of the parties' expenses and lifestyle over the course of the marriage, supports the court's determination to impute an annual income of $375,000 to the plaintiff (see Castello v Castello, 144 AD3d at 725). Moreover, the court providently exercised its discretion in imputing income of only $40,000 per year to the defendant. The evidence established that while the defendant had earned two master's degrees over the course of the marriage, she was only employed outside the home for a brief time during the 24-year marriage during which time her earnings were not substantial (see Matter of Saladino v Saladino, 115 AD3d 867, 868).
As this action was commenced after January 23, 2016, it is governed by certain amendments to the calculation of postdivorce maintenance set forth in Part B of section 236 of the Domestic Relations Law (see L 2015, ch 269, § 4). Where, as here, the payor's income exceeds the statutory income cap of $184,000 (see Domestic Relations Law § 236[B][6][b][4]), the court shall determine the guideline amount of postdivorce maintenance by performing the calculations set forth in Domestic Relations Law § 236(B)(6)(c), and then shall determine whether to award additional maintenance for income exceeding the cap by considering the factors set forth in Domestic Relations Law § 236(B)(6)(e)(1) and setting forth the factors it considered (see Domestic Relations Law § 236[B][6][d][1]-[3]). "'The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts'" (Mahoney v Mahoney, 197 AD3d 638, 639-640, quoting Culen v Culen, 157 AD3d 926, 928). Here, considering the relevant factors, including, inter alia, the age of the parties, their present and future earning capacities, the defendant's loss of medical insurance, the standard of living the parties established during the marriage, and the equitable distribution of the marital assets, the award of maintenance to the defendant in the sum of $12,000 per month for a period of nine years was a provident exercise of discretion (see Domestic Relations Law § 236[B][6][e][1]; Mahoney v Mahoney, 197 AD3d at 640). Moreover, the award was not improper even though it exceeded the amount the defendant requested in her statement of proposed disposition (see 22 NYCRR 202.16[h]; see generally McSparron v McSparron, 190 AD2d 74, 80). The court rule which requires the submission of a statement of proposed disposition does not abrogate judicial statutory authority to determine the amount of maintenance (see generally NY Const art VI, § 30; People v Ramos, 85 NY2d 678, 687-688).
"A trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Aloi v Simoni, 82 AD3d 683, 685 [internal quotation marks omitted]). "'Equitable distribution is based on the premise that a marriage is, among other things, an economic partnership to which both parties contribute as spouse, parent, wage earner or homemaker'" (Repetti v Repetti, 147 AD3d 1094, 1098, quoting K. v B., 13 AD3d 12, 17 [internal quotation marks omitted]). "'The distribution of marital assets depends not only on the financial contribution of the parties but also on a wide range of nonremunerated services to the joint enterprise, such as homemaking, raising children and providing the emotional and moral support necessary to sustain the other spouse in coping with the vicissitudes of life outside the home'" (Repetti v Repetti,147 AD3d at 1098, quoting K. v B., 13 AD3d at 17 [internal quotation marks [*3]omitted]).
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in awarding the defendant 33% of the value of the plaintiff's dental practice (see Repetti v Repetti, 147 AD3d at 1098; Elias v Elias, 101 AD3d 938, 939; Kaplan v Kaplan, 51 AD3d 635, 637). The 33% share accounts for the defendant's direct and indirect contributions, including that of primary caretaker of the parties' three children (see Repetti v Repetti, 147 AD3d at 1098; Katz v Katz, 153 AD3d 912, 914). Moreover, contrary to the plaintiff's contention, the court did not overvalue the plaintiff's dental practice by applying a 35% capitalization rate. "Valuation is an exercise properly within the fact-finding power of the trial court, guided by expert testimony" (Wasserman v Wasserman, 66 AD3d 880, 882; see Davenport v Davenport, 199 AD3d 637, 639-640). Here, the court appointed forensic expert, Douglas Sosnowski, explained that the capitalization rate for professional service companies is typically 33.33%, and that he applied a slightly higher capitalization rate to account for the "slightly above-average risk" associated with the plaintiff's dental practice, and the court providently exercised its discretion in crediting the expert (see Kattan v Kattan, 202 AD3d 771, 776). Additionally, the plaintiff's contention that Sosnowski was not qualified as an expert in the area of valuing dental equipment is waived because he did not object on that ground at trial (see Matter of Kelsey v New York State Univ. at Geneseo, 232 AD2d 688, 689).
Contrary to the plaintiff's contention, the Supreme Court did not engage in impermissible double counting by distributing to the defendant a share of the dental practice in addition to maintenance, as the plaintiff's dental practice constitutes a tangible, income-producing asset, rather than an intangible asset (see Keane v Keane, 8 NY3d 115; Palydowycz v Palydowycz, 138 AD3d 810, 813; Griggs v Griggs, 44 AD3d 710, 713). Contrary to the plaintiff's contention, the court providently exercised its discretion in declining to distribute any alleged marital personal property, as there was insufficient proof regarding any such property and its value (see Strohli v Strohli, 174 AD3d 938, 946; Angot v Angot, 273 AD2d 423, 424).
Contrary to the defendant's contention, the Supreme Court properly declined to award her a separate property credit for funds allegedly used to contribute to the down payments for the marital residence and the plaintiff's dental practice, and to pay down the mortgage on the marital residence. "Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property" (Judson v Judson, 255 AD2d 656, 657; see Steinberg v Steinberg, 59 AD3d 702, 704; D'Angelo v D'Angelo, 14 AD3d 476, 477). Here, the marital residence and the dental practice were acquired during the marriage, and the defendant failed to meet her burden of tracing claimed separate funds to establish that they were used for the down payments or to pay down the mortgage (see Steinberg v Steinberg, 59 AD3d at 704; D'Angelo v D'Angelo, 14 AD3d at 477).
The Supreme Court improvidently exercised its discretion in failing to provide for the distribution of the funds in the T.D. Ameritrade account titled in the defendant's name. The defendant failed to provide any evidence that the account was her separate property, and thus, it was subject to equitable distribution (see Domestic Relations Law § 236[B][5][b], [c]). Accordingly, we modify the judgment of divorce to equally divide the proceeds from that account between the parties. Similarly, the court providently exercised its discretion in awarding the plaintiff one half of the defendant's Morgan Stanley IRA, as she failed to provide sufficient evidence that the IRA was her separate property (see Domestic Relations Law § 236[B][5][b], [c]).
"[A]n award of attorney's fees is a matter committed to the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case" (Brockner v Brockner, 174 AD3d 567, 568). An award of an attorney's fee "requires consideration, inter alia, of the merits of the parties' positions and their respective financial circumstances" (Raynor v Raynor, 68 AD3d 835, 839). Here, the Supreme Court providently exercised its discretion in awarding the defendant approximately one half of her total attorney fees, taking into consideration, inter alia, the relative financial circumstances of the parties (see id. at 839).
Since the Supreme Court failed to explain how it arrived at its determination that the plaintiff owed the defendant $29,245.67 for pendente lite arrears, we remit the matter to the Supreme Court, Nassau County, for a hearing on the issue (see Brancoveanu v Brancoveanu, 145 AD2d 395, 399).
The plaintiff's remaining contention is improperly raised for the first time in a reply brief (see Pena v Geisinger Community Med. Ctr., 209 AD3d 663).
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.

2019-13382 DECISION & ORDER ON MOTION
Steven Novick, appellant-respondent,
v Adrienne Novick, respondent-appellant.
(Index No. 200169/17)

Motion by the defendant on an appeal and cross-appeal from a judgment of the Supreme Court, Nassau County, dated November 15, 2019, to strike stated portions of the plaintiff's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated February 1, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross-appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross-appeal, it is
ORDERED that the motion is granted, and the following portions of the plaintiff's brief are stricken and have not been considered in the determination of the appeal and cross-appeal: (1) the paragraph beginning at the bottom of page 37 with the words "On or about" and ending on page 38 with "was worth $645,000.00"; and (2) the last sentence of the carryover paragraph on page 40, beginning with the words "Indeed, even the wife" and ending with the words "no obligation to pay."
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court