Miller v Miller (2023 NY Slip Op 02872)

Miller v Miller

2023 NY Slip Op 02872

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2020-01413
 (Index No. 201377/16)

[*1]Hanan G. Miller, appellant, 
v
Esther Eve Miller, respondent.

Law Office of Tzvi Y. Hagler, P.C., Valley Stream, NY, for appellant.
Jeffrey S. Schecter & Associates, P.C., Garden City, NY (Joey Michaels of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of an amended judgment of divorce of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated September 26, 2019. The amended judgment of divorce, upon a decision of the same court dated June 13, 2019, made after a nonjury trial, inter alia, (1) valued Healthcare Medical Services, PLLC, at the sum of $2,885,100, (2) awarded the defendant 20% of the value of Healthcare Medical Services, PLLC, (3) awarded the defendant the sum of $5,000 per month in child support, (4) directed the plaintiff to pay 75% of all child support add-ons, and (5) failed to direct that the plaintiff could claim any of the parties' unemancipated children as dependents on his personal income tax returns.
ORDERED that the amended judgment of divorce is modified, on the law, by adding thereto a provision directing that the plaintiff is authorized to declare all of the parties' unemancipated children as dependents on his personal income tax returns; as so modified, the amended judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married on June 21, 1994, and have eight children. The plaintiff is a medical doctor and the sole owner of two professional companies, Hanan Miller, MD, P.C., and Healthcare Medical Services, PLLC (hereinafter HMS). The defendant owns and operates an upscale baby clothing store called Lavish Layette. The plaintiff commenced this action for a divorce and ancillary relief. The parties entered into a stipulation resolving issues of custody and parental access, whereby they agreed that the defendant would have sole legal and residential custody of the parties' unemancipated children. A nonjury trial was held on the issues, inter alia, of equitable distribution, maintenance, and child support. In a decision dated June 13, 2019, the Supreme Court, among other things, imputed an annual income of $80,000 to the defendant, determined that the defendant was entitled to child support in excess of the statutory cap, valued HMS at the sum of $2,885,100, and awarded the defendant 20% of the value of HMS. An amended judgment of divorce was issued upon the decision. The plaintiff appeals from stated portions of the amended judgment of divorce.
The plaintiff's contention that insufficient income was imputed to the defendant is without merit. "A court is not bound by a party's account of his or her own finances, and where a [*2]party's account is not believable, the court is justified in finding a true or potential income higher than that claimed" (Matter of Davis v Shihadeh, 209 AD3d 733, 734 [internal quotation marks omitted]). "The court may impute income based on the parent's employment history, future earning capacity, educational background, or money received from friends and relatives" (Pilkington v Pilkington, 185 AD3d 844, 846 [internal quotation marks omitted]). The court is "[a]fforded considerable discretion in determining whether to impute income to a [party], and the court's credibility determinations will be accorded deference on appeal" (Matter of Davis v Shihadeh, 209 AD3d at 734 [internal quotation marks omitted]).
Here, the defendant testified at the trial that her amended 2017 tax return showed that she had an annual income of $45,436 from her business, Lavish Layette. However, the bookkeeper for Lavish Layette testified that the defendant received disbursements from the business in 2017 totaling $64,836.71. Based upon the defendant's admissions that she utilized cash from the business to pay for certain personal expenses, as well as some employee salaries, the Supreme Court providently exercised its discretion in imputing an annual income of $80,000 to the defendant.
"The Child Support Standards Act sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling known as the statutory cap, which in this case was $148,000" (Moradi v Buhl, 201 AD3d 928, 928-929 [citation and internal quotation marks omitted]; see Domestic Relations Law § 240[1-b][c]). "Where the combined parental income exceeds the statutory cap, the court, in fixing the basic child support obligation on income over the statutory cap, has the discretion to apply the factors set forth in Domestic Relations Law § 240(1-b)(f), or to apply the statutory percentages, or to apply both" (Moradi v Buhl, 201 AD3d at 929; see Domestic Relations Law § 240[1-b][c][3]). "The court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the statutory cap" (Moradi v Buhl, 201 AD3d at 929). "Such articulation should reflect a careful consideration of the stated basis for the court's exercise of discretion, the parties' circumstances, and the court's reasoning why there should or should not be a departure from the prescribed percentage" (id.).
Here, the Supreme Court stated that it applied the child support percentage to the amount above the statutory cap primarily due to the parties' considerable income and the needs of the children. Under the circumstances presented, the court providently exercised its discretion in doing so (see id.; Candea v Candea, 173 AD3d 663, 665; Matter of Santman v Schonfeldt, 159 AD3d 914, 915; Matter of Keith v Lawrence, 113 AD3d 615, 616).
Where, as here, the noncustodial parent is contributing the majority of the financial support of the parties' children, "the court may determine that the noncustodial parent is entitled to declare the children as dependents on his or her income tax returns" (Matter of Jurgielewicz v Jurgielewicz, 31 AD3d 639, 639; see Cohen v Cohen, 177 AD3d 848, 854; Frei v Pearson, 244 AD2d 454, 457). Accordingly, under the circumstances here, the plaintiff is entitled to declare all of the parties' unemancipated children as his dependents for income tax purposes (see Matter of Jurgielewicz v Jurgielewicz, 31 AD3d at 639; Frei v Pearson, 244 AD2d at 457).
"The valuation of a marital asset must be founded in economic reality. However, [t]here is no uniform rule for fixing the value of a business for the purpose of equitable distribution. Valuation is an exercise properly within the fact-finding power of the trial court, guided by expert testimony. The determination of the factfinder as to the value of a business, if within the range of the testimony presented, will be accorded deference on appeal if it rests primarily on the credibility of expert witnesses and their valuation techniques" (Davenport v Davenport, 199 AD3d 637, 639-640 [citation and internal quotation marks omitted]). "Trial courts are vested with broad discretion in determining equitable distribution of marital property, and the determination should not be disturbed on appeal unless the court has improvidently exercised that discretion" (id. at 640).
Here, the Supreme Court providently exercised its discretion in determining, based upon its credibility findings and the report of the court-appointed neutral forensic expert, that HMS should be valued at the sum of $2,885,100.
Contrary to the plaintiff's contention, it was not an improvident exercise of the Supreme Court's discretion to award the defendant 20% of the value of HMS, considering the parties' relative financial contributions, the length of the marriage, the number and ages of the parties' children, the distribution to the plaintiff of 20% of the value of the defendant's business, and the sacrifices made by the defendant for the sake of the advancement of the plaintiff's education and career (see id. at 641; Hofmann v Hofmann, 173 AD3d 531, 532-533; Cappiello v Cappiello, 110 AD2d 608, 609, affd 66 NY2d 107).
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court