Albano v Albano (2024 NY Slip Op 04298)

Albano v Albano

2024 NY Slip Op 04298

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-00797
2020-00801
 (Index No. 202895/16)

[*1]George Albano, appellant, 
v
Donna Albano, respondent.

Mejias, Milgram, Alvarado & Lindo, P.C., Glen Cove, NY (David L. Mejias and Katherine Lindo of counsel), for appellant.
Gemelli Gross Shapiro & Marino, Forest Hills, NY (John A. Gemelli and Josephine M. Marino of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) a decision of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated July 18, 2019 and (2) stated portions of a judgment of divorce of the same court dated November 6, 2019. The judgment of divorce, upon the decision, made after a nonjury trial, inter alia, (1) awarded the defendant maintenance in the sum of $4,016.67 per month until the earliest of the defendant's eligibility for full Social Security benefits at the age of 66, the defendant's remarriage, or the death of either party, and (2) equitably distributed the marital business and the marital residence by awarding the plaintiff sole ownership of the marital business and awarding the defendant sole ownership of the marital residence.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof equitably distributing the marital business and the marital residence by awarding the plaintiff sole ownership of the marital business and awarding the defendant sole ownership of the marital residence; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith and the entry of an appropriate amended judgment of divorce thereafter.
The parties were married in 1982 and have three adult children, all of whom are emancipated. During the marriage, the plaintiff founded Albano A/C & Mechanical Service Corp., a company which performs heating, ventilation, and air conditioning services, repairs, and installations.
In November 2016, the plaintiff commenced this action for a divorce and ancillary relief. Following a nonjury trial, the Supreme Court issued a decision, inter alia, valuing the marital [*2]business at $600,000 and the marital residence at $550,000 for purposes of equitable distribution, and equitably distributed those assets by awarding the plaintiff sole ownership of the marital business and awarding the defendant sole ownership of the marital residence. The remaining assets, including, among other things, bank accounts and a condominium located in Florida, were distributed equally. Thereafter, the court issued a judgment of divorce, upon the decision. The plaintiff appeals from stated portions of the judgment of divorce.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in imputing income to him in the amount of $221,000 per year. In determining a party's maintenance obligation, "'[a] court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed'" (Castello v Castello, 144 AD3d 723, 725, quoting Scammacca v Scammacca, 15 AD3d 382, 382). Here, the record, including evidence of the parties' expenses and lifestyle over the course of the marriage, supports the court's determination to impute annual income of $221,000 to the plaintiff (see Castello v Castello, 144 AD3d at 725). Moreover, the court providently exercised its discretion in imputing income of only $35,000 per year to the defendant (see Sufia v Khalique, 189 AD3d 1499, 1501; Ferrante v Ferrante, 186 AD3d 566, 569-570).
"As this action was commenced after January 23, 2016, it is governed by amendments to the calculation of postdivorce maintenance set forth in part B of section 236 of the Domestic Relations Law (see L 2015, ch 269, § 4). Where, as here, the payor's income exceeds the statutory income cap of $184,000 (see Domestic Relations Law § 236[B][6][b][4]), the court shall determine the guideline amount of postdivorce maintenance by performing the calculations set forth in Domestic Relations Law § 236(B)(6)(c), and then shall determine whether to award additional maintenance for income exceeding the cap by considering the factors set forth in Domestic Relations § Law 236(B)(6)(e)(1) and setting forth the factors it considered (see Domestic Relations Law § 236[B][6][e][1]" (Novick v Novick, 214 AD3d 995, 997; see Mahoney v Mahoney, 197 AD3d 638, 639). Although the Supreme Court incorrectly stated that the action was commenced prior to January 23, 2016, and considered the pre-January 23, 2016 factors listed in former Domestic Relations Law § 236(B)(6)(a)(1-19) in determining whether to award additional maintenance on income exceeding $184,000, the court nevertheless arrived at the correct presumptive guideline amount of maintenance up to the statutory cap of $184,000, and declined to award additional maintenance for income exceeding the $184,000 cap. Under these circumstances, the error was harmless and reversal is not warranted.
"A trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Aloi v Simoni, 82 AD3d 683, 685 [internal quotation marks omitted]; see Novick v Novick, 214 AD3d at 997). "'Equitable distribution is based on the premise that a marriage is, among other things, an economic partnership to which both parties contribute as spouse, parent, wage earner or homemaker'" (Repetti v Repetti, 147 AD3d 1094, 1098, quoting K. v. B., 13 AD3d 12, 17 [internal quotation marks omitted]). "'The distribution of marital assets depends not only on the financial contribution of the parties but also on a wide range of nonremunerated services to the joint enterprise, such as homemaking, raising children and providing the emotional and moral support necessary to sustain the other spouse in coping with the vicissitudes of life outside the home'" (Repetti v Repetti, 147 AD3d at 1098, quoting K. v. B., 13 AD3d at 17 [internal quotation marks omitted]).
The equitable distribution statute mandates that the court "shall determine the respective rights of the parties in their separate and marital property" (Domestic Relations Law § 236[B][5][a]; see Kaufman v Kaufman, 189 AD3d 31, 52; Colonna v Colonna, 208 AD2d 671, 672). "Whether marital property shall be distributed or a distributive award shall be made in lieu of, or to supplement, facilitate or effectuate a distribution of marital property are matters committed by section 236 (part B, subd 5) of the Domestic Relations Law to the discretion of the Trial Judge in the first instance" (Majauskas v Majauskas, 61 NY2d 481, 493; see Lieberman-Massoni v Massoni, 215 AD3d 656, 658). There is no uniform rule for valuing a business for purposes of equitable distribution and valuation is a matter within the fact-finding power of the trial court, guided by [*3]expert testimony (Lieberman-Massoni v Massoni, 215 AD3d at 659). A trial court's determination as to the value of a business within the range of the testimony presented is to be accorded deference on appeal (see Miller v Miller, 216 AD3d 1154, 1157).
Here, the Supreme Court providently exercised its discretion in determining, based upon its credibility findings and guided by a report prepared by a court-appointed forensic expert, that the marital business should be valued at the sum of $600,000 (see Miller v Miller, 216 AD3d 1154). However, the court failed to adequately articulate how it determined the defendant's distributive share in the marital business (see Domestic Relations Law § 236[B][5][a]; Kaufman v Kaufman, 189 AD3d at 76-77). Contrary to the plaintiff's contention, the court did not state that its award of sole ownership of the marital residence to the defendant was an offset for her interest in the marital business. The court failed to calculate the value of the defendant's interest in the marital business, or the value of the plaintiff's interest in the marital residence, and failed to adequately articulate the basis for its equitable distribution of those assets (see Lewis v Lewis, 118 AD3d 958, 960; Kaufman v Kaufman, 189 AD3d at 56-57; Smith v Smith, 1 AD3d 870, 871). Under the particular circumstances here, we deem it appropriate to remit the matter to the Supreme Court, Nassau County, for a new determination on the allocation of the marital business and the marital residence in accordance herewith (see Lewis v Lewis, 118 AD3d at 960; Carlin v Carlin, 217 AD2d 679, 680; Noble v Noble, 78 AD3d 1386, 1387).
Contrary to the plaintiff's further contention, if the Supreme Court did intend to, in effect, award a distributive share of the marital business to the defendant, in addition to maintenance, such would not result in impermissible double counting, as the plaintiff's business constitutes a tangible, income-producing asset, rather than an intangible asset (see Keane v Keane, 8 NY3d 115, 122; Novick v Novick, 214 AD3d at 998; Palydowycz v Palydowycz, 138 AD3d 810, 813).
DUFFY, J.P., WOOTEN, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court