Margolies v Margolies (2026 NY Slip Op 01313)

Margolies v Margolies

2026 NY Slip Op 01313

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Scarpulla, González, Rodriguez, Higgitt, JJ. 

Index No. 365102/24|Appeal No. 6045|Case No. 2025-04908|

[*1]Yoshiko Hishikawa Margolies, Plaintiff-Appellant,
vGregory Margolies, Defendant-Respondent.

Teitler & Teitler, LLP, New York (Jaime L. Weiss of counsel), for appellant.
Cohen Clair Lans Greifer & Simpson LLP, New York (Jad Greifer of counsel), for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about July 14, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff wife's motion for a declaration that defendant husband was required to pay the Lump Sum Payment (LSP) as defined in the Prenuptial Agreement (PNA) without any discounts other than a reduction for taxes, and without regard to assets held by Alsher Capital, LLC (Alsher), and for the imposition of prejudgment interest on the LSP, and granted defendant husband's application for a declaration that no interest is payable with respect to the LSP, unanimously affirmed, without costs.
Where the terms of a contract are clear and unambiguous, the intent of the parties should be determined from what is expressed in writing (see Van Kipnis v Van Kipnis, 11 NY3d 573, 577 [2008]). "[W]hen interpreting a prenuptial agreement the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Strong v Durbin, 75 AD3d 66, 68 [1st Dept 2010] [internal quotation marks omitted]). Viewing the PNA as a whole and considering the reasonable expectations of the parties, the court properly determined that the term "value" as applied to the husband's "Net Marital Property" refers to the "net value" and "fair market value" of his assets, since "[t]he valuation of a marital asset must be founded in economic reality" (Miller v Miller, 216 AD3d 1154, 1157 [2d Dept 2023] [internal quotation marks omitted]). Thus, the court properly denied the wife's application for a declaration that the LSP shall be calculated without any discounts other than a reduction for taxes.
The court also properly concluded that the assets held by Alsher were "business interests" not to be included in the LSP. The PNA unambiguously carved out of the LSP marital property in the form of "a business interest obtained by [the husband] during the marriage relating to a business in which [the husband] is an officer, director, employee or consultant or otherwise actively involved," which property was to paid in 10 annual installments. Alsher, a holding company, primarily held the husband's business interests in Ares, the company for which he works. Thus, those interests do not fall within the scope of the term "business interests" in the PNA.
The court providently exercised its discretion by denying the wife's request for prejudgment interest under CPLR 5001(a) for the portion of the LSP that was due in April of 2024 but not paid by the husband until November of 2024 (see Sebrell v Svet, 230 AD3d 401, 405 [1st Dept 2024]). "[T]here is no automatic entitlement to prejudgment interest, under CPLR 5001, in matrimonial litigation" (Rubin v Rubin, 1 AD3d 220, 221 [1st Dept 2003], lv denied 2 NY3d 706 [2004]), and the PNA did not contain any provisions regarding the payment of interest with respect to the LSP. Moreover, shortly after the deadline imposed by the PNA had passed, the husband offered the wife an advance payment while the valuation calculations were still pending. Finally, the record does not reflect any showing of serious misconduct such that an award of interest would have been justified (see Haymes v Haymes, 298 AD2d 117, 118 [1st Dept 2002], lv denied 100 NY2d 509 [2003]).
We have considered plaintiff's additional contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026